**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CRYSTAL G. BREEDLOVE, | ) |
| | ) |
|                **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-1170-JWB-GEB |
| | ) |
| PAUL BURGHART, et al., | ) |
| | ) |
|                **Defendants.** | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's Motion to Proceed without Prepayment of Fees. (ECF No. 3, *sealed.*) Denial of a motion to proceed *in forma pauperis* is a dispositive matter and the Magistrate Judge should issue a Report and Recommendation for de novo review by the district judge rather than deny outright the motion.[1] For the reasons set forth below, the court **RECOMMENDS** the motion to proceed *in forma pauperis* (**ECF No. 3**) be **DENIED** and the case be dismissed based on lack of subject matter jurisdiction.

**I.     Background[2]**

Plaintiff Crystal G. Breedlove, proceeding pro se, brings this action against defendants Paul Burghart, allegedly the property manager ("Manager"), and Ihssan Tbaba,

---

[1] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (finding the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

[2] The background section is compiled from Plaintiff's Complaint (ECF No. 1) and motion for leave to proceed *in forma pauperis* (ECF No. 3) and should not be considered as judicial findings or factual determinations.

1

allegedly the property owner, in attempt to enforce a residential lease and/or avoid or remedy her eviction. The aggrievance arose from a dispute of payment of rent which occurred in Wichita, Kansas. Plaintiff attached a copy of her Burghart Properties Rental Agreement (ECF No. 1 at 7); a 30-Day Written Notice to Terminate (ECF No. 1 at 9); and what appear to be receipts for her payment of rent dated July 2, 2021 and June 7, 2021. (ECF No. 1 at 13.)

Plaintiff claims the Manager violated her rights as a tenant. She alleges she paid rent for the month of July, and the Manager accepted payment yet still evicted her, despite the rent paid for that month. *Id.* At issue here is whether this court has subject matter jurisdiction over this dispute.

## II. Recommendation of Denial of *In Forma Pauperis* Status

Plaintiff filed a motion to proceed without prepayment of fees. (ECF No. 3.) Under 28 U.S.C. §1915, a federal court may authorize the commencement of any suit, action or proceeding without the prepayment of fees by a person who lacks financial means.[3] Proceeding *in forma pauperis* in a civil case is a <u>privilege</u>, not a right.[4] When considering such an application, the decision whether to grant or deny *in forma pauperis* status lies within the sound discretion of the court.[5] Generally, the court compares an applicant's

---

[3] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. 2007) (citing 28 U.S.C. § 1915(a)(1)).
[4] *Id.* (emphasis added) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir. 1998).
[5] *Id.* (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[6]

Unfortunately, Plaintiff's financial affidavit is unclear regarding her household income.[7] For example, in her financial affidavit she indicates she is currently employed as a certified nurses' aide but does not list her monthly or weekly income. (ECF No. 3-1, *sealed*.) Additionally, she indicates she is single, but also lists a spouse at the same household address yet reports no spousal income. (*Id.*)

Without supplementation from Plaintiff clarifying her income, her spousal relationship, and her spouse's income, the court does not possess enough information on which it may base a conclusion on their combined household income or whether Plaintiff has the ability to pay the filing fee. Although these issues may be cured with additional filings from the Plaintiff, such effort seems futile considering the recommendation below to dismiss this case for the lack of subject matter jurisdiction.

For these reasons, the undersigned U. S. Magistrate Judge **RECOMMENDS DENIAL** of Crystal Breedlove's Motion to Proceed without Prepayment of Fees (**ECF No. 3**).

---

[6] *See Patillo*, 2002 WL 1162684, at *1 (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs v. Riverside Hosp.*, No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).
[7] *Pls'* Mot. for Leave to Proceed *in forma pauperis*, ECF 3 *NO. 21-01170.*

### III.     Recommendation of Dismissal

Under the *in forma pauperis* statute, 28 U.S.C. § 1915, sua sponte dismissal of this case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[8]  Furthermore, under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[9]

Here, this court lacks subject matter jurisdiction over Plaintiff's claim. Federal courts have limited jurisdiction and must possess subject matter jurisdiction to hear a case.[10] The party invoking federal jurisdiction has the burden to allege facts demonstrating the presence of subject matter jurisdiction.[11] Because Plaintiff proceeds pro se, her pleading must be liberally construed.[12] However, the courts have an obligation to conduct an independent investigation on whether jurisdiction exists. [13]

Plaintiff asserts this court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. However, the Complaint demonstrates Plaintiff resides

---

[8] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)) (citing language contained in § 1915(d), prior to the statute's amendment in 1996).
[9] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).
[10] *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003). *See also Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction:  federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).
[11] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).
[12] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[13] *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

in Wichita, Kansas, as does defendant Paul Burghart. (ECF No. 1 at 1, 2.) Plaintiff thus shares citizenship with one of the defendants, making diversity jurisdiction unavailable.

Plaintiff also appears to claim federal jurisdiction by claiming retaliation and discrimination in her Complaint. (ECF No. 1 at 4.) However, these conclusory statements without supporting facts are insufficient to establish federal question jurisdiction. Although the Plaintiff could have intended to initiate her lawsuit under a host of possible statutes, this court cannot take on the responsibility of serving as her advocate.[14] Plaintiff provides no factual basis for the exercise of federal jurisdiction over claims that appear to be a state law eviction and/or contract dispute. As such, Plaintiff has not alleged a proper basis for this court to assume jurisdiction over her action.

Even if the issue of subject matter jurisdiction were not dispositive, Plaintiff offers no plausible claim for relief. The documents attached to the Complaint demonstrate her claim is a dispute over an eviction and/or housing contract. The federal court is not the proper forum for this state claim. A review of the Complaint confirms Plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[15] nor presents a rational argument on the facts or law in support of her claim.[16] It is therefore recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[14] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011).
[15] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Graham v. Sec'y of Health & Human Servs.,* 785 F. Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

**IT IS THEREFORE RECOMMENDED** that Crystal Breedlove's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the case be dismissed for a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff Crystal Breedlove by certified mail. Pursuant to 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[17]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of August, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[17] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).